IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DALE B. ADAMS                                                                PLAINTIFF

v.                           Civil No. 10- 3028

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
CHAIRMAN STUART J. ISHIMARU                                                  DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the plaintiff. The clerk is directed to file the *in forma pauperis* application and complaint. Before the court is plaintiff's motion for leave to proceed *in forma pauperis*. For the reasons stated below, it is the recommendation of the undersigned that plaintiff's *in forma pauperis* application be denied and his complaint be dismissed.

### Background

According to the allegations of the complaint, plaintiff filed a charge of discrimination against Tyson Foods, Inc., with the Equal Employment Opportunity Commission (EEOC) on April 14, 2009. Plaintiff attaches to his complaint an intake questionnaire he submitted to the EEOC. In it, he alleged discrimination on the basis of age, disability, and retaliation.

On April 24, 2009, when he spoke with EEOC investigator, Lynda Fier, plaintiff indicates he felt like he was "being attacked instead of being represented with vigor." *Complaint* at ¶ 11. He maintains the EEOC failed to file charges against Tyson Foods for retaliation even though he had retaliation listed as a basis for discrimination on his intake questionnaire. He also states it is his belief that Tyson Foods financially compromised the EEOC and instructed the EEOC to promptly deny his claims. *Id.* at ¶ 31.

He alleges the EEOC does not have the Sarbanes-Oxley Act mentioned on their website.

-1-

Plaintiff maintains this indicates the EEOC is "not interested in helping employees fully know their legal rights therefore showing a bias towards employers although they were designed to represent the employee." *Complaint* at ¶ 32. He asserts the EEOC did not abide by their own rules and regulations "nor federal laws to offer civil rights protections to him under Title VII." *Id.* at ¶ 38.

He also contends the EEOC has failed to comply with the Freedom of Information Act (FOIA) request he made. He asserts the EEOC has refused to provide him with "the evidence of their criminal actions." *Id.* at ¶ 38. In support, he offers two exhibits, exhibit F and L, which have portions of them marked "withheld 552(b)(5)." On the one exhibit he has indicated he has an FOIA appeal pending in Washington, D.C. *See Exhibit* F at page 4.

He alleges the EEOC violated his right to substantive due process. He also maintains they have engaged in retaliation against him and in unethical and illegal conduct.

As relief, plaintiff asks for an order directing the EEOC to immediately pay him $10,000 for financial relief from all the harm it has caused him. He also requests compensatory damages in the amount of one million dollars and punitive damages in the amount of one million dollars.

### Discussion

The plaintiff has filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(e)(2) the court has the obligation to screen any complaint in which an individual has sought leave to proceed IFP. 28 U.S.C. § 1915(e)(2).

In reviewing an *in forma pauperis* application, there is a two step process followed by the court. First, a determination of whether the plaintiff qualifies by economic status under § 1915(a)(1) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious or seeks relief against a defendant immune from suit and, if so, to dismiss the complaint. *Martin-Trigona v. Stewart*, 691

F.2d 856, 857 (8th Cir. 1982). 28 U.S.C. § 1915(e)(2)(B)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.).

In his affidavit, plaintiff indicates he is currently receiving unemployment compensation in the amount of $194 weekly and also receives between $61 and $255 per month from Supplemental Security Income (SSI). He does not own any assets and has a negative balance in his bank accounts. The information supplied by plaintiff appears to be sufficient to determine that plaintiff would qualify by economic status for *in forma pauperis* status.

However, the claims are clearly subject to dismissal as they are frivolous, fail to state claims upon which relief may be granted, or are asserted against individuals immune from suit. First, Congress neither expressly nor impliedly provided for an action against the EEOC under Title VII. *Ward v. Equal Employment Opportunity Commission,* 719 F.2d 311, 313 (9th Cir. 1983).

Second, the actions of the EEOC are not reviewable under the Administrative Procedures Act. *Ward,* 719 F.2d at 313. The Supreme Court has concluded that for agency action to be reviewable it must have "determinate consequences for the party to the proceeding." *ITT v. Electrical Workers,* 419 U.S. 428, 443, 95 S. Ct. 600, 42 L. Ed. 2d 558 (1975). "The EEOC's negligence or inaction in the internal processing of a complaint has no determinate consequences because such actions are merely prepatory to a lawsuit by either the EEOC or the charging party." *Ward,* 719 F.2d at 313.

Third, plaintiff cannot bring a suit against the EEOC under 42 U.S.C. § 1983 or *Bivens* because these claims are barred by sovereign immunity. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). A claim

that a federal official has violated an individual's constitutional rights is considered a *Bivens* claim. *Id.* The Supreme Court held in *Bivens* that when "a federal agent acting under color of his authority" violates the Constitution, the agent's victim may recover damages against the agent. *Bivens*, 91 S. Ct. at 2001. However, a *Bivens* action is not available against government entities or government officers in their official capacities. *Hartje v. F.T.C.*, 106 F.3d 1406, 1408 (8th Cir. 1997). *See also FDIC v. Meyer*, 510 U.S. 471, 484-86, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994)(*Bivens* does not permit suit against federal agencies or government officers in their official capacities).

Fourth, no cause of action is stated under the FOIA. 5 U.S.C. § 552. The plaintiff has not sought relief in the form of the production of documents and may not seek monetary damages under the FOIA. *See e.g., Thompson v. Walbran*, 990 F.2d 403 (8th Cir. 1993).

### Conclusion

Accordingly, it is the recommendation of the undersigned that plaintiff's request to proceed *in forma pauperis* be denied and the complaint be dismissed.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26th day of March 2010.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

MAR 2 6 2010

CHRIS R. JOHNSON, CLERK
BY
   DEPUTY CLERK

-4-