```
        IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                  HARRISON DIVISION
```

DALE B. ADAMS                                                PLAINTIFF

v.                        Civil No. 10-3028

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION                                       DEFENDANT

## O R D E R

Now on this 28th day of June, 2010, comes on for consideration the **Magistrate Judge's Report and Recommendation** (document #4), in this matter, as well as the following motions, which were filed by Plaintiff after the entry of the Magistrate Judge's Report and Recommendation:

* **Motion to Stay Proceedings Pending Mediation, Motion for Injunction to Expedite Mediation Process** (document #6);

* **Motion to Stay Proceedings Pending Mediation, Motion for Injunction to Expedite Mediation Process Evidence in Support** (document #7);

* **Motion Pleading for Relief, Motion for Injunction for Immediate Mediation, Petition for Review**; (document #8);

* **Motion Pleading for Relief, Motion for Injunction for Immediate Mediation, Petition for Review** (document #9);

* **Motion to Dismiss Without Prejudice** (document #11);

* **Motion for Time Extension to Respond to Motion to Report & Recommendation** (document #12); and

* **Motion to Recuse** (document #13).

The Court, being well and sufficiently advised, finds and orders as follows with respect to the same:

1. On March 26, 2010, Plaintiff initiated this action against the Equal Employment Opportunity Commission ("EEOC"), claiming, among other things, that the EEOC failed to file charges against Tyson Foods, Inc., based on Plaintiff's claims of discrimination.

Plaintiff also claims that the EEOC violated the Freedom of Information Act by refusing to provide him with certain documents. Plaintiff claims that the EEOC has violated his substantive due process rights and has otherwise engaged in retaliatory, unethical and illegal conduct.

2. On the same day, Plaintiff filed a motion to proceed *in forma pauperis* (IFP). Pursuant to 28 U.S.C. § 1915(e)(2), "the court shall dismiss a complaint at anytime" if it determines that "the allegation of poverty is untrue; " the action is "frivolous or malicious;" "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief."

3. Plaintiff's request to proceed IFP was referred to the Magistrate Judge for consideration. On March 26, 2010, the Magistrate Judge issued his Report and Recommendation (document #4) in which he recommended that Plaintiff's request be denied and Plaintiff's complaint be dismissed because Plaintiff failed to state a valid cause of action against the EEOC.

4. Plaintiff initially requested additional time to file his objections to the Magistrate Judge's Report and Recommendation and the Court gave him until April 26, 2010, to file any objections that he had. Thereafter, Plaintiff filed his motions seeking to stay the proceedings and for an immediate mediation, among other things. (*See* documents #6-9).

5. On April 26, 2010, Plaintiff filed a motion to dismiss this case without prejudice (document #11) in which he requests that this Court "not make any further rulings on this court matter pending appeal and judicial inquiry."

Plaintiff says that he as a "family medical emergency" that he has to attend to and that he wants to "exhaust all administrative remedies and seeks mediation."

Plaintiff further states that he "just received a tort claim denial" and "they explained the appeal process and plaintiff intends to comply and try to keep this matter out of this busy court."

6. On that same day, Plaintiff filed a Motion to Recuse (document #13)-- asking that both this Court and the Magistrate Judge recuse from this matter.

In his Motion to Recuse Plaintiff says -- with respect to the undersigned -- that this Court has "in the past deliberately violated other litigant's personal liberties and/or wantonly refused to provide due process and equal protection to all litigants" and further Plaintiff claims that he cannot obtain

counsel because "when he explains that Judge Jimm Larry Hendren is presiding over the matter" attorneys tell him that "he is a very tough Judge who is biased against employment civil rights claims." Plaintiff further claims that this Court has ignored his motions and claims for relief and has otherwise denied him full access to the courts.

Also on the same day, April 26, 2010, Plaintiff filed a motion for extension of time (document #12) to respond to the Magistrate Judge's Report and Recommendation because of his family emergency, which is that his father has terminal cancer, and because he has asked this Court to recuse.

7. The Court will first address Plaintiff's Motion to Recuse since, if the motion has merit, the Court should immediately recuse without addressing any of Plaintiff's other pending motions -- and allow another judge to handle them.

The alleged grounds for Plaintiff's motion for the undersigned to recuse consist of unsupported, conclusory allegations based upon what would appear to be hearsay. They are insufficient to support the motion and it will be denied.

In light of the foregoing and the action later ordered herein, it is unnecessary to discuss Plaintiff's contention that the Magistrate Judge should recuse from the case. However, the Court observes that it, likewise, is without merit.

8. The Court next turns to the pending Report and Recommendation issued by the Magistrate Judge on March 26, 2010, in

which the Magistrate Judge states that, despite the fact that Plaintiff's economic status would qualify him for IFP status, his claims are subject to dismissal because--

* Congress did not provide for a cause of action against the EEOC under Title VII.  *See Ward v. Equal Employment Opportunity Commission*, 719 F.2d 311, 313 (9th Cir. 1983).

* EEOC actions are not reviewable under the Administrative Procedures Act.  *See Ward*, 719 F.2d at 313.

* Plaintiff cannot bring suit against the EEOC because his claims are barred by sovereign immunity.

* Plaintiff has stated no cause of action under FOIA and cannot seek monetary damages under FOIA.  *See Thompson v. Walbran*, 990 F.2d 403 (8th Cir. 1993).

After carefully reviewing said Report and Recommendation, the Court finds and concludes that it is sound in all respects, and that it should be adopted *in toto*.

It follows, therefore, that Plaintiff's request to proceed IFP should be, and it hereby is, denied.  Further, Plaintiff's Complaint should be, and it hereby is, dismissed for failure to state a claim upon which relief may be granted.

9.   With respect to Plaintiff's other pending motions, the Court concludes they are moot in light of the fact that his Complaint is being dismissed for failure to state a claim.

The Court notes in passing, however, that the dismissal appears to be the relief that Plaintiff seeks in his motion to dismiss without prejudice. (document #11).

**IT IS THEREFORE ORDERED** that Plaintiff's **Motion To Recuse** (document #13) be, and it hereby is, **DENIED;**

**IT IS FURTHER ORDERED** that the **Magistrate Judge's Report and Recommendation** be, and it hereby is, **adopted *in toto*;**

**IT IS FURTHER ORDERED** that, for the reasons stated in the Magistrate Judge's Report and Recommendation, Plaintiff's Motion to Proceed IFP (document #3) is **DENIED;**

**IT IS FURTHER ORDERED** that Plaintiff's other motions (documents #6, #7, #8, #9, #11, and #12) should be, and they hereby are, **DENIED** as **MOOT;** and

**IT IS FURTHER ORDERED** that Plaintiff's complaint be, and it hereby is, **DISMISSED.**

**IT IS SO ORDERED.**

/s/Jimm Larry Hendren
HON. JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE